UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| TINA GREEN, as Guardian of Darrell Williams, <br><br> Plaintiff, <br><br> V. <br><br> BLC LEXINGTON SNF, LLC, doing business as BROOKDALE RICHMOND PLACE SNF (KY), et al., <br><br> Defendants. | Civil Action No. 5: 22-089-DCR <br><br><br> **MEMORANDUM ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Tina Green has filed a motion for reconsideration of the Court's Order denying her motion to extend discovery deadlines. In support, counsel argues that denying the motion would result in manifest injustice and provides a graphic image purportedly showing a wound that Darrell Williams sustained while residing at Brookdale Richmond Place in Lexington, Kentucky. However, the motion will be denied.

The Court entered a Scheduling Order in this matter on May 27, 2022. The plaintiff's deadline for disclosing expert witnesses had already expired when, on November 21, 2022, counsel filed a motion for an extension of discovery deadlines. Attorney Parker contends that she and plaintiff's other counsel "had no functional knowledge" of the Scheduling Order and, instead, proceeded according to the proposed schedule set out in the parties' Rule 26 Report, believing this was the appropriate course of action. This is preposterous, as Parker and Peterson are experienced attorneys and are well aware that the district court issues a scheduling order following receipt of the parties' report under Rule 26(f). *See* Fed. R. Civ. P. 16(b).

Further, the Scheduling Order was filed in the public docket and has been readily available for counsels' review since May 2022. Attorneys Parker and Peterson received electronic notice of the Scheduling Order on that date. Attorney Franey did not receive electronic notice, *but that was due to his own failure to register as an electronic filer with the Court. See Gibson-Michaels v. Bair*, 255 F.R.D. 306, 307 (D.D.C. 2009) (counsel's failure to receive notice of filing did not absolve him of his "affirmative duty to stay apprised of the status of the case).

Counsel also contends that reconsideration is necessary to prevent manifest injustice, as some of the plaintiff's claims depend on expert testimony to survive. *See Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015) (citing *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (recognizing district courts' inherent authority under Rule 54(b) to reconsider interlocutory orders prior to entry of final judgment). But sometimes, "attorney inattention to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004); *Frazier v. Sec. of Dep't of Health & Human Servs.*, 940 F.2d 659, 1991 WL 148735, at *3 (6th Cir. Aug. 5, 1991) (observing general rule that "litigants must bear the consequences of their attorneys' tactical decisions); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) (stating that a party who "voluntarily chose [an] attorney as his representative in the action … cannot … avoid the consequences of the acts or omissions of this freely selected agent").
But as previously explained, the plaintiff has not shown good cause or excusable neglect to extend discovery deadlines. At the very least, counsel had clear constructive notice of the deadline for expert disclosures since May 27, 2022. And counsels' assertion that they were

not aware of the deadline until late November 2022 is egregious. At best, all three of the plaintiff's attorneys were woefully deficient with respect to their duty to stay updated on filings in the case. At worst, counsel consciously flouted the deadlines imposed and elected to proceed according to their chosen schedule. Either way, this constitutes dilatory conduct and is not grounds for reconsideration.

Accordingly, it is hereby

**ORDERED** that the plaintiff's motion for reconsideration [Record No. 33] is **DENIED**.

Dated: December 5, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky